**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Diana Olson, on behalf of herself and her children as heirs at law of Richard Olson, deceased; and Diana Olson as Personal Representative of the Estate of Richard Olson, | ) ) ) ) ) ) | **ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 12 REGARDING EXCLUSION OF EVIDENCE OF BANKRUPTCY FILING SEVEN MONTHS AFTER REPORTING UNINTENDED ACCELERATION EVENT TO FORD** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Ford Motor Company, a Corporation, | ) ) | Case No. 4:04-cv-102 |
| Defendant. | ) | |

Before the Court is the "Plaintiff's Motion in Limine No. 12 Regarding Exclusion of Evidence of Bankruptcy Filing Seven Months After Reporting Unintended Acceleration Event to Ford," filed on January 6, 2006. The plaintiff, Diana Olson, requests an order from the Court excluding testimony, questioning, statements, or comments regarding the bankruptcy or bankruptcy filing by potential witnesses Jeffrey Crowell and Wendy Crowell. The Crowells are expected to testify that they experienced several unintended acceleration incidents with their 1995 Ford Explorer. The Crowells reported these incidents to Ford in February 2005. Olson asserts the Crowells' bankruptcy is not relevant to this matter. Ford agrees.

The Court finds the subsequent bankruptcy of the Crowells' is not relevant, and therefore, should be excluded pursuant to Rule 402 and Rule 403 of the Federal Rules of Evidence. The Court **GRANTS** the Plaintiff's Motion in Limine No. 12 Regarding Exclusion of Evidence of Bankruptcy Filing Seven Months After Reporting Unintended Acceleration Event to Ford. (Docket No. 96). Defendant is prohibited from referring directly or indirectly to the Crowells' bankruptcy. The Court directs defense counsel to inform her client and witnesses of this order and its prohibitions.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2006.

_____
Daniel L. Hovland, Chief Judge
United States District Court