**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Diana Olson, on behalf of herself and her children as heirs at law of Richard Olson, deceased; and Diana Olson as Personal Representative of the Estate of Richard Olson,<br><br>        Plaintiff,<br><br>  vs.<br><br>Ford Motor Company, a Corporation,<br><br>        Defendant. | **ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE OPINION TESTIMONY FROM ANY WITNESS NOT FILING EXPERT REPORT**<br><br>Case No. 4:04-cv-102 |

Before the Court is the plaintiff Diane Olson's pleading entitled "Plaintiff's Motion in Limine No. 4 to Preclude Opinion Testimony from any Witness Not Filing Expert Report," filed on January 6, 2006. See Docket No. 88. On January 23, 2006, Ford filed a response and joined the motion. See Docket No. 108. The motion is predicated upon Rule 26(a)(2) of the Federal Rules of Civil Procedure which provides as follows:

    **(2) Disclosure of Expert Testimony.**
        **(A)** In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

        **(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

>    **(C)** These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. P. 26(a)(2). To promote timely disclosure of expert witnesses, Rule 37(c) of the Federal Rules of Evidence contains the following mandate: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. Fed. R. Evid. 37(c).

The Court **GRANTS** the Plaintiff's Motion in Limine No. 4. (Docket No. 88). Neither party will be permitted to present expert testimony from any witness that has not been disclosed pursuant to Rule 26(b) or has not filed an expert report pursuant to Rule 26(a)(2).

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2006.

Daniel L. Hovland, Chief Judge
United States District Court