IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Diana Olson, on behalf of herself and her children as heirs at law of Richard Olson, deceased; and Diana Olson as Personal Representative of the Estate of Richard Olson, | ) ) ) ) ) ) | **ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 8 CONCERNING LIFE INSURANCE** |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:04-cv-102 |
| Ford Motor Company, a Corporation, | ) ) | |
| Defendant. | ) | |

Before the Court is the plaintiff Diana Olson's pleading entitled "Plaintiff's Motion in Limine No. 8 Concerning Life Insurance," filed on January 6, 2006. Ford does not oppose the motion. See Docket No. 119. The Plaintiff seeks to exclude any evidence regarding life insurance or life insurance benefits. Life insurance is not material to any issue in the case, and is not a collateral source that may be considered by the jury. See N.D. Cent. Code § 32-03.2-06.[1] As such, evidence of life insurance is not relevant. See Fed. R. Evid. 401. Even if such evidence were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of time.

---

[1] Section 32-03.2-06 provides as follows:

**32-03.2-06. Reduction for collateral source payments.** After an award of economic damages, the party responsible for the payment thereof is entitled to and may apply to the court for a reduction of the economic damages to the extent that the economic losses presented to the trier of fact are covered by payment from a collateral source. A "collateral source" payment is any sum from any other source paid or to be paid to cover an economic loss which need not be repaid by the party recovering economic damages, but does not include life insurance, other death or retirement benefits, or any insurance or benefit purchased by the party recovering economic damages.

(emphasis added).

<u>See</u> Fed. R. Evid. 403.  The Plaintiff's Motion in Limine No. 8 Concerning Life Insurance is **GRANTED**.  (Docket No. 92).  Any evidence concerning life insurance or life insurance benefits will not be admissible at trial.

 **IT IS SO ORDERED.**

 Dated this 23rd day of January, 2006.

                _/s/ Daniel L. Hovland_
                Daniel L. Hovland, Chief Judge
                United States District Court