# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Diana Olson, on behalf of herself and her children as heirs at law of Richard Olson, deceased; and Diana Olson as Personal Representative of the Estate of Richard Olson,<br><br>            Plaintiff,<br><br>    vs.<br><br>Ford Motor Company, a Corporation,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 9 REGARDING EVIDENCE OF CONVICTIONS MORE THAN 10 YEARS AGO**<br><br><br><br>Case No. 4:04-cv-102 |

Before the Court is the "Plaintiff's Motion in Limine No. 9 Regarding Exclusion of Convictions More Than 10 Years Ago," filed on January 6, 2006. The plaintiff, Diana Olson, requests an order from the Court excluding testimony, questioning, or statements regarding criminal convictions that occurred more than 10 years ago. Wendy Crowell, a potential plaintiff's witness, was convicted of possession of LSD in 1992 and was convicted of assault and battery in 1992. Olson asserts that Rule 609(b) prohibits the admission of Crowell's previous convictions. Ford agrees.

>   Rule 609(b) of the Federal Rules of Evidence provides:
>
>   Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

It is unknown whether Crowell was incarcerated for these convictions. Thus, it is unclear whether

such convictions fall outside the ten-year period set forth by Rule 609(b).  Nevertheless, the Court finds that any relevancy of such prior convictions is outweighed by the danger of unfair prejudice.

The Court **GRANTS** the Plaintiff's Motion in Limine No. 9 Regarding Exclusion of Convictions More Than 10 Years Ago.  (Docket No. 93).  The Defendant is prohibited from referring directly or indirectly to Wendy Crowell's criminal convictions.  The Court directs defense counsel to inform her client and witnesses of this order and its prohibitions.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2006.

Daniel L. Hovland, Chief Judge
United States District Court