**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Diana Olson, on behalf of herself and her children as heirs at law of Richard Olson, deceased; and Diana Olson as Personal Representative of the Estate of Richard Olson,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Ford Motor Company, a Corporation,<br><br>　　　　　Defendant. | **ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 7 TO PERMIT THE JURY TO VIEW THE ACCIDENT SCENE**<br><br>Case No. 4:04-cv-102 |

　　　　Before the Court is the "Plaintiff's Motion in Limine No. 7 to Permit Jury View of the Accident Scene," filed on January 6, 2006.  The plaintiff has requested permission to have the jury, the Court, and counsel for the respective parties transported, at plaintiff's expense, to the Minot Country Club in order to permit the jury to observe the parking lot, driveway, and accident scene.  The defendant, Ford Motor Company, joined the motion.

　　　　A trial court is granted wide discretion in determining whether to allow a jury to view an accident scene.  Kelley v. Wegman's Food Markets, Inc., No. Civ. A.02-1377, 2003 WL 21091390, *5 (E.D. Pa. May 15, 2003).  The Court finds that permitting the jury to view the accident scene would not sufficiently add to the jury's overall knowledge of the case to warrant such a time-consuming disruption of the trial.  There are countless numbers of photographs and videotapes which will adequately convey to the jury the Minot Country Club parking lot, driveway, and the accident scene.  See Fed. R. Evid. 403 ("evidence may excluded if its probative value is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").  The accident site is not unique and can be adequately described and well-depicted through other evidentiary means.  The Court finds that taking the jury to the scene of the accident is unnecessary and will result in undue delay.

The Court **DENIES** Plaintiff's Motion in Limine No. 7.  (Docket No. 91).

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2006.

Daniel L. Hovland, Chief Judge
United States District Court