IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Diana Olson, on behalf of herself and her children as heirs at law of Richard Olson, deceased; and Diana Olson as Personal Representative of the Estate of Richard Olson, <br><br>              Plaintiff, <br><br>     vs. <br><br> Ford Motor Company, a Corporation, <br><br>              Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE ANY EVIDENCE RELATING TO THE 1989 NHTSA REPORTS** <br><br> Case No. 4:04-cv-102 |

Before the Court is the plaintiff Diana Olson's pleading entitled "Motion in Limine No. 1 to Exclude Any Evidence Relating to the 1989 NHTSA Report" filed on January 6, 2006. The defendant, Ford Motor Company ("Ford"), filed a response on January 20, 2006. For the following reasons, the motion is granted.

In the 1980's, automobile manufacturers received a large number of customer complaints regarding a phenomenon wherein vehicles would suddenly and unexpectedly accelerate. Often times this so-called "sudden acceleration" would be accompanied by a perceived failure on the part of the driver to allow for deceleration by pressing the brakes. Due to the volume of complaints, the National Highway Traffic Safety Administration ("NHTSA") commissioned a study on the subject. In January 1989, the NHTSA released its findings in a report entitled "An Examination of Sudden Acceleration" (the "NHTSA report"). According to the report, sudden acceleration was primarily attributable to driver error, namely pedal misapplication. In other words, drivers would press the accelerator when intending to press the brake.

Olson seeks to exclude the report on the grounds that it is not relevant, unduly prejudicial,

and inadmissible hearsay evidence. Ford agrees, to an extent. Ford does not believe the report is unduly prejudicial or inadmissible hearsay, but agrees that the report is not relevant for most purposes. Ford only suggests that the report would become relevant if Olson opens the door and makes this a sudden acceleration case by presenting a litany of other incidents. As stated in its brief, "Ford is not offering the report to address the issue of the design of the 1998 Ford Explorer speed control cable or the cause of Mr. Olson's crash. Rather, it would only be offered to rebut the plaintiff's claim that unexplained reports of sudden acceleration incidents should be attributed a vehicle-related cause . . . ." See Defendant's Response to Plaintiff's Motion in Limine No. 1 to Exclude any Evidence Relating to the 1989 NHTSA Report, p. 7.

On January 6, 2006, Ford filed a Motion in Limine to Exclude Other Incidents Without a Prior Showing of Substantial Similarity. On January 25, 2006, this Court granted that motion, in part. See Docket No. 139. Quoting from that order,

> The plaintiff is precluded from introducing or making reference to other customer complaints and/or statistical data during voir dire, opening statements, and during her case-in-chief to prove brake ineffectiveness, relative dangerousness of condition, negligence, and/or a defective condition. The plaintiff will be allowed to present generalized evidence of customer complaints and/or statistical data in her case-in-chief for the sole purpose of showing notice and/or to provide a factual basis for an expert witness' opinion, i.e., Samuel Sero. However, the plaintiff will be prohibited from introducing the specific details of any such complaints. The plaintiff will also be prohibited from introducing testimony from specific individuals involved in other substantially similar incidents during her case-in-chief.

By way of that order, Olson is precluded from introducing or referencing those other incidents to prove brake ineffectiveness, relative dangerousness of condition, negligence, and/or a defective condition. Ford concedes that the relevancy of the NHTSA report hinged upon the introduction of those other incidents for that purpose. As those incidents are no longer being offered in such a manner, the NHTSA report is not relevant. See Fed. R. Evid. 401. Olson's Motion in Limine No. 1 to Exclude Any Evidence Relating to the 1989 NHTSA Report is **GRANTED**. (Docket No. 85).

Neither party will be able to introduce, comment on, or rely upon the NHTSA report. The Court may revisit the issue for purposes of impeachment.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2006.

Daniel L. Hovland, Chief Judge
United States District Court