**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Diana Olson, on behalf of herself and her children as heirs at law of Richard Olson, deceased; and Diana Olson as Personal Representative of the Estate of Richard Olson, | ) ) ) ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 5 AND ORDER DENYING DEFENDANT'S MOTION** |
| Plaintiff, | ) ) | **TO EXCLUDE EVIDENCE REGARDING BRAKE** |
| vs. | ) ) | **PERFORMANCE OR EFFECTIVENESS** |
| Ford Motor Company, a Corporation, | ) ) | |
| Defendant. | ) ) | Case No. 4:04-cv-102 |

Before the Court is the "Plaintiff's Motion in Limine No. 5 to Exclude Defendant Ford From Presenting Expert Testimony On Brakes, Brake System Operation and Effectiveness," filed on January 6, 2006. Also before the Court is "Defendant Ford Motor Company's Motion to Exclude Evidence Regarding Brake Performance or Effectiveness," filed on January 6, 2006. For the reasons set forth below, the Court denies both motions.

I.    **BACKGROUND**

Each party has filed a motion in limine addressing the broad issue of the admissibility of evidence concerning brake effectiveness. Although seeking different relief from the Court, the Court views the motions as overlapping and will address both within the same order.

The plaintiff, Diana Olson, requests an order prohibiting defendant Ford Motor Company (Ford) from presenting expert testimony on the subject matter of brakes, brake system operation, and brake effectiveness. Olson asserts that Ford failed to timely disclose the testing conducted by its

expert witness Charles Adams.  Ford contends that the testing conducted by Adams was in response to testing conducted by the plaintiff's expert witness, Rudolph Limpert, which Ford asserts was not disclosed until December 2005.

Ford seeks an order prohibiting the introduction at trial of any evidence pertaining to brake performance or effectiveness.  Ford asserts that such evidence is irrelevant and inadmissible.  Olson contends that evidence of brake effectiveness is relevant to show that the brakes in Richard Olson's Ford Explorer would not have overcome the unintended acceleration caused by a stuck speed control cable.

## II.   LEGAL DISCUSSION

### A.   DISCLOSURE OF EXPERT WITNESSES

The scheduling and discovery plan established deadlines for disclosing the subject matter or discipline of expert witnesses for the plaintiff and defendant of April 30, 2005, and May 30, 2005, respectively.  See Docket No. 19.  Olson asserts that Ford "failed to state or disclose in its May 27, 2005, Disclosure of Subject Matter/Discipline of Expert Witnesses To Be Used At Trial that brakes, braking system operation, and failure modes or effectiveness would be a subject matter of expert testimony."  See Docket No. 89, p.2.  However, paragraph 3 of Ford's disclosure stated:

> Regarding the subject matter of Plaintiff's claims that the vehicle was defective, including the speed control system and braking system, Ford Motor Company will call experts qualified to give opinion testimony in the fields of mechanical and electrical engineering.

See Docket No. 115, Exhibit 3.  The Court finds that this paragraph is subject to only one interpretation, namely that Ford intends for its mechanical and electrical engineers to provide expert

testimony regarding the speed control system and braking system.  Thus, the Court finds that Ford complied with the provision of the scheduling and discovery plan setting forth the deadline for disclosing the subject matter or discipline of expert witnesses.

The scheduling and discovery plan required the plaintiff to provide the names of expert witnesses by June 1, 2005, and the defendant to provide the names of its expert witnesses by July 22, 2005.  See Docket No. 19.  Olson asserts that Ford failed to disclose that it would be "presenting any testimony regarding brake system design, operation, function, effectiveness or failure modes." See Docket No. 89.  However,  Ford provided a list of its experts and attached each of their reports to the disclosure.  The report of Charles Adams clearly stated that the "brakes, accelerator control and speed control were statically tested.  No deficiencies were found." See Docket No. 115, Exhibit 3.  Adams' report also states:

> No deficiencies where (sic) found in the vehicle which may have contributed to the accident with the possible exception of the aftermarket floor mat or the routing of the CB antenna lead.  If either of these components were mis-positioned, operation of the accelerator pedal or brake pedal could have been impaired.  The speed control cable operated as intended.  There is no evidence that the speed control cable malfunctioned or contributed to this accident.

Id.  Ford also named Mark Hoffman as an expert witness.  In his report, Hoffman states that the "braking system is designed to overcome the torque generated by a wide-open-throttle engine" as one of the additional safeguards for a driver.  Finally, Ford also identified Ronald Woolley as an expert witness and included his report.  Woolley does not address the braking system other than to comment that he found "no evidence of braking prior to impact.  The left taillight brake filament does not show evidence of hot shock." See Docket No. 115, Exhibit 5.  It is clear that expert witnesses Adams, Hoffman, and Woolley were going to present evidence pertaining to the brake effectiveness of a 1998 Ford Explorer.  Thus, the Court finds that Ford complied with the provision

of the scheduling and discovery plan setting forth the deadline for disclosing the identity and report of its expert witnesses.

Olson also contends that during the deposition of Charles Adams on December 19, 2005, Adams revealed that he had performed brake effectiveness testing "on a 1998 Explorer accelerating to wide open throttle, braking with the throttle closed and then again braking with the throttle wide open." See Adams Deposition, p. 92, l. 5-11 (Docket No. 95, Exhibit 2). Olson contends that such testimony was not timely disclosed, and thus, Adams should be prevented from offering testimony pertaining to "brakes, brake effectiveness or the effectiveness of an Explorer's brakes in a wide open throttle situation, a stuck throttle situation or an unintended acceleration situation." See Docket No. 89. Ford responds by asserting that Adams' testing was in response to testing conducted by Olson's expert witness Rudolph Limpert. Ford contends that Olson did not disclose the testing done by Limpert until Limpert's deposition on December 2, 2005. See Limpert Deposition, p. 11-12 (Docket No. 109, Exhibit 7) (wherein Limpert testified that his testing was done in September 2005, after he prepared his report).

The Court finds that although both parties could have been more diligent in providing each other with information regarding the subsequent brake testing done by Limpert and Adams, neither party was prejudiced by the delay in the disclosures. It appears that by January 10, 2006, both parties had received all of the information concerning the subsequent testing. The Court finds that the subsequent testing by both Limpert and Adams was timely disclosed and the exclusion of the testing done by Limpert and Adams is not warranted under the circumstances. The Court denies Olson's motion in limine to exclude Ford from presenting expert testimony on brakes, brake system operation and effectiveness.

**B.**     **TESTIMONY REGARDING BRAKE EFFECTIVENESS**

Rule 401 of the Federal Rules of Evidence defined "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Even if evidence is relevant, it may still be excluded under Rule 403 of the Federal Rules of Evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  The district court has broad discretion in deciding whether to admit evidence at trial.  <u>Fortune Funding, LLC v. Ceridian Corp.</u>, 368 F.3d 985, 990 (8th Cir. 2004).

Ford requests that all evidence of "testing or reference concerning brake performance or effectiveness" be excluded from trial because such evidence is irrelevant.  Ford contends that there is no evidence that Richard Olson applied the brakes at any time until impact with the tree.  Ford argues that because there is no evidence Richard Olson was attempting to brake, evidence regarding whether the brakes functioned effectively is irrelevant.

Olson responds by setting forth the purpose of the brake evidence and the confusion that could be created if the brake evidence were excluded.

> Indeed, without such evidence the jury is invited to speculate as to whether the vehicle's brakes would have overcome the acceleration and enabled Mr. Olson to keep his Explorer under control and on the road.  It also invites them to conclude that there were no skid marks on the driveway simply because Mr. Olson did not apply the brakes, as opposed to there being no skid marks because the brakes could not overcome the driving force of the engine in a stuck cable/open throttle condition.  Furthermore, if there is evidence from Ford at trial that the brakes are effective in such instances, Plaintiff's evidence of brake ineffectiveness is relevant and necessary to rebut that assertion of fact.  If Ford assert's that Mr. Olson died due to pedal misapplication where he put his foot on the gas pedal instead of the brake, then the evidence of brake ineffectiveness is relevant to explaining and supporting Plaintiff's theory on liability that Mr. Olson could have been attempting to brake but been

unable to do so or to leave skid marks on the road because of the stuck cable/open throttle.

See Docket No. 101.

The Court finds that evidence of the effectiveness of the brake system to overcome a stuck throttle cable is relevant to Olson's claims and necessary to prevent the jury from being mislead. If the brake system may not be able to overcome a stuck throttle cable, such evidence may explain the minimal evidence or lack of evidence that Richard Olson applied the brakes.

The Court also finds that the brake tests conducted by Adams, Limpert, and Sero are admissible for demonstrative purposes to show how the brake system responds under certain conditions and to illustrate the principles of a vacuum booster and the amount of pedal force needed to stop the vehicle. Such experiments were not intended and indeed do not replicate the condition of the accident. Nevertheless, the Court finds that evidence of such testing is admissible to demonstrate the scientific principles to the jury. The proper means of attacking such evidence is through vigorous cross-examination and the presentation of contrary evidence. The United States Supreme Court emphasized in Daubert, 509 U.S. at 595, 596 that "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."

**III.**     **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Olson's Motion in Limine No. 5 to Exclude Ford from Presenting Expert Testimony on Brakes, Brake System Operation and Effectiveness.  (Docket No. 89).  The Court also **DENIES** Ford Motor Company's Motion to Exclude Evidence Regarding Brake Performance or Effectiveness.  (Docket No. 77).

**IT IS SO ORDERED.**

Dated this 30th day of January, 2006.

Daniel L. Hovland, Chief Judge
United States District Court